**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 10-cv-766-REB-KLM

CHARLES DALE CONNER,

    Plaintiffs,

v.

MARK PARSONS, individually and in his official capacity as COLORADO STATE TROOPER;
MARK THOMPSON, individually and in his official capacity as ALAMOSA COUNTY SHERIFF DEPUTY;
STEVE LAWRENCE, individually and in his official capacity as COSTILLA COUNTY SHERIFF DEPUTY;
COLORADO STATE PATROL;
ALAMOSA COUNTY, COLORADO by and through the ALAMOSA COUNTY – BOARD OF COMMISSIONERS, ALAMOSA COUNTY SHERIFF'S OFFICE;
COSTILLA COUNTY, COLORADO, by and through the COSTILLA COUNTY – BOARD OF COMMISSIONERS, COSTILLA COUNTY SHERIFF'S OFFICE,

    Defendants.

**ANSWER**

Defendants, **MARK THOMPSON, STEVE LOWRENCE** (incorrectly designated herein as "Steve Lawrence"), **BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF ALAMOSA** (incorrectly designated herein as "Alamosa County"), **SHERIFF DAVE STONG** (incorrectly designated herein as "Alamosa County Sheriff's Office"), **BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF COSTILLA** (incorrectly designated herein as "Costilla County"), and **SHERIFF GILBERT MARTINEZ** (incorrectly designated herein as "Costilla County Sheriff's Office"), by their attorneys **SENTER**

**GOLDFARB & RICE, L.L.C.,** and pursuant to Fed.R.Civ.P. 8 and 12, hereby answer and respond to Plaintiff's Complaint as follows:

## ANSWER

1. Defendants deny the allegations contained in paragraphs 4, 11, 13, 37, 42, 43, 44, 45, 47, 49, 50, 52, 53, 54, 56, 58, 59, 61, 62, 64, and 66 of Plaintiff's Complaint.

2. Defendants are without sufficient information and knowledge to enable them to form a belief as to the veracity of the allegations contained in paragraphs 5, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 38, 39, 40, and 41 of Plaintiff's Complaint and, as a result, deny same.

3. With respect to the allegations contained in paragraphs 1, 2, and 3 of Plaintiff's Complaint, Defendants admit that this Court has subject matter jurisdiction over Plaintiff's claims pursuant to 42 U.S.C. §§ 1331, 1343, and 1367 and that venue is correct in this Court by virtue of the fact that the actions complained of occurred within this district; however, Defendants deny all other allegations contained in said paragraph.

4. With respect to the allegations contained in paragraph 6 of Plaintiff's Complaint, Defendants admit that Defendant Mark Parsons was an officer employed by the Colorado State Patrol; however, Defendants are without sufficient information and knowledge to enable them to form a belief as to the veracity of all other allegations contained in said paragraph and, as a result, deny same.

5. With respect to the allegations contained in paragraph 7 of Plaintiff's Complaint, Defendants admit that Defendant Thompson is a deputy sheriff appointed by the Sheriff of the County of Alamosa, that he was acting within the course and scope of his employment at the

time of the actions complained of herein, and that he was acting under color of state law; however, Defendants deny all other allegations contained in said paragraph.

6. With respect to the allegations contained in paragraph 8 of Plaintiff's Complaint, Defendants admit that Defendant Lowrence was a deputy sheriff appointed by the Sheriff of the County of Costilla, that he was acting within the course and scope of his employment at the time of the actions complained of herein, and that he was acting under color of state law; however, Defendants deny all other allegations contained in said paragraph.

7. With respect to the allegations contained in paragraph 9 of Plaintiff's Complaint, Defendants admit that the Colorado State Patrol is a division of the Department of Public Safety of the State of Colorado created pursuant to C.R.S. § 24-33.5-201; however, Defendants are without sufficient information and knowledge to enable them to form a belief as to the veracity of all other allegations contained in said paragraph and, as a result, deny same.

8. With respect to the allegations contained in paragraph 10 of Plaintiff's Complaint, Defendants admit that the Board of County Commissioners of the County of Alamosa is the governing body of the County of Alamosa; however, Defendants deny all other allegations contained in said paragraph.

9. With respect to the allegations contained in paragraph 12 of Plaintiff's Complaint, Defendants admit that the Board of County Commissioners of the County of Costilla is the governing body of the County of Costilla; however, Defendants deny all other allegations contained in said paragraph.

10. With respect to the allegations contained in paragraph 14 of Plaintiff's Complaint, Defendants admit that a copy of a document entitled "Notice Complaint and Request for

Negotiation" was received; however, Defendants deny all other allegations contained in said paragraph.

11.     With respect to the allegations contained in paragraph 25 of Plaintiff's Complaint, Defendants admit that Defendant Thompson was dispatched to act as a back up officer pursuant to a request made by Defendant Parsons and that Defendant Thompson was advised that there was a pending arrest warrant for Plaintiff; however, Defendants deny all other allegations contained in said paragraph.

12.     With respect to the allegations contained in paragraph 26 of Plaintiff's Complaint, Defendants admit that Defendant Parsons and Defendant Thompson approached the truck occupied by Plaintiff and that Plaintiff was non-compliant with their orders; however, Defendants deny all other allegations contained in said paragraph.

13.     With respect to the allegations contained in paragraph 27 of Plaintiff's Complaint, Defendants admit that Defendant Thompson was holding a TASER as he approached the vehicle occupied by Plaintiff; however, Defendants deny all other allegations contained in said paragraph.

14.     With respect to the allegations contained in paragraph 28 of Plaintiff's Complaint, Defendants admit that Defendant Thompson deployed his TASER into Plaintiff's left thigh area; however, Defendants deny all other allegations contained in said paragraph.

15.     With respect to the allegations contained in paragraph 29 of Plaintiff's Complaint, Defendants admit that Plaintiff abruptly drove away from the scene, that Defendant Parsons and Defendant Thompson followed in their respective vehicles, and that later Defendant Lowrence

also followed in his vehicle; however, Defendants deny all other allegations contained in said paragraph.

16. With respect to the allegations contained in paragraph 30 of Plaintiff's Complaint, Defendants admit that during the pursuit, Plaintiff lost control of his truck and that Defendant Parsons, Defendant Thompson, and Defendant Lowrence attempted to park their vehicles so as to contain Plaintiff's vehicle preventing further flight; however, Defendants deny all other allegations contained in said paragraph.

17. With respect to the allegations contained in paragraph 31 of Plaintiff's Complaint, Defendants admit that Defendant Thompson and Defendant Lowrence drew their firearms, that they ordered Plaintiff to show his hands and exit his vehicle, that Plaintiff failed to comply with their orders, and that Plaintiff began to ram their vehicles with his truck; however, Defendants deny all other allegations contained in said paragraph.

18. With respect to the allegations contained in paragraph 32 of Plaintiff's Complaint, Defendants admit that Defendant Thompson and Defendant Lowrence fired upon Plaintiff's vehicle when Plaintiff drove his truck directly toward Defendant Thompson; however, Defendants deny all other allegations contained in said paragraph.

19. With respect to the allegations contained in paragraph 33 of Plaintiff's Complaint, Defendants admit that after Plaintiff abruptly drove away from the scene of the stop, Defendant Parsons, Defendant Thompson and Defendant Lowrence followed in their respective vehicles and that New Mexico law enforcement authorities were advised that they were pursuing Plaintiff in the direction of that state; however, Defendants deny all other allegations contained in said paragraph.

20. With respect to the allegations contained in paragraph 34 of Plaintiff's Complaint, Defendants admit that stop sticks were deployed by New Mexico law enforcement authorities, that said stop sticks punctured the tires on Plaintiff's vehicle, and that, notwithstanding, Plaintiff continued his flight; however, Defendants deny all other allegations contained in said paragraph.

21. With respect to the allegations contained in paragraph 35 of Plaintiff's Complaint, Defendants admit that, at some point, Plaintiff's vehicle ran off the roadway into the ditch area; however, Defendants deny all other allegations contained in said paragraph.

22. With respect to the allegations contained in paragraph 36 of Plaintiff's Complaint, Defendants admit that New Mexico law enforcement authorities approached Plaintiff's vehicle and that Defendant Lowrence assisted in containing the perimeter around the scene; however, Defendants deny all other allegations contained in said paragraph.

23. With respect to the allegations contained in paragraph 57 of Plaintiff's Complaint, Defendants admit that the Fourth Amendment to the United States Constitution prohibits unreasonable seizures; however, Defendants deny all other allegations contained in said paragraph.

24. Defendants hereby incorporate their responses to the paragraphs that are re-alleged in paragraphs 46, 48, 51, 55, 60, 63, and 65 of Plaintiff's Complaint.

25. Defendants deny all allegations not otherwise expressly admitted herein.

## **DEFENSES**

1. Plaintiff's Complaint, at least in part, fails to state a claim upon which relief can be granted as against these Defendants.

2. Defendants are immune from Plaintiff's claims.

3. Plaintiff's claims are barred or reduced by the applicable provisions of the Colorado Governmental Immunity Act, C.R.S. §§ 24-10-101 et seq.

4. Plaintiff's claims are barred by the applicable statutes of limitation.

5. Plaintiff has failed to reasonably mitigate his alleged damages.

6. Defendants' actions were at all times legally privileged.

7. Plaintiff's claims are barred or reduced by his comparative negligence/fault/assumption of the risk.

8. Plaintiff's damages were proximately caused by the acts or omissions of third persons over whom these Defendants neither had actual control nor right of control.

9. Plaintiff's damages were proximately caused by an intervening/superceding cause.

10. Defendants reserve the right to add such additional defenses as become apparent upon disclosure and discovery.

**REQUEST FOR RELIEF**

**WHEREFORE**, having fully answered Plaintiff's Complaint, Defendants request the Court issue relief as follows:

a. Dismissing all of Plaintiff's claims asserted against them with prejudice;

b. Entry and judgment in favor of Defendants and against Plaintiff and Plaintiff's attorneys for attorney fees and cost; and

c. Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

**DEFENDANTS HEREBY DEMAND TRIAL TO A JURY OF SIX (6) PERSONS ON ALL ISSUES JOINED HEREIN.**

Respectfully submitted,

s/ Thomas S. Rice
**Thomas S. Rice**
Senter Goldfarb & Rice, L.L.C.
1700 Broadway, Suite 1700
Denver, CO 80290
Telephone: (303) 320-0509
FAX: (303) 320-0210
E-mail: trice@sgrllc.com
*Counsel for Defendants Thompson, Lowrence, Board of County Commissioners of the County of Alamosa, Stong, Board of County Commissioners of the County of Costilla, and Martinez*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 15th day of April, 2010, a true and correct copy of the above and foregoing **ANSWER** was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

Merida I. Zerbi, Esq.
Zerbi Law Firm, P.C.
919 Third Avenue
Monte Vista, CO 81144
mzerbi@zerbilaw.com

Katherine Spalding
Civil Litigation and Employment Law Section
1535 Sherman Street, 7th Floor
Denver, CO 80203
kit.spalding@state.co.us

    s/ Wendy McCann
    Wendy McCann, Legal Secretary
    wmccann@sgrllc.com

00425161